UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS B. BUTLER,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-734

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court on the petition, respondent's return of writ with exhibits, and petitioner's brief in reply to the return of writ. (Docs. 3, 8, 11).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On August 9, 2009, the Lawrence County, Ohio, grand jury returned an indictment in Case No. 09-CR-180 charging petitioner with three counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) and three counts of sexual battery in violation Ohio Rev. Code § 2907.03(A)(5). (Doc. 8, p. 3 & Ex. 1). The indictment was based on incidents involving a single victim, which allegedly occurred "on or about June 29, 2009." (*See id.*, Ex. 1). In the sexual battery counts, petitioner was specifically charged as a "person in loco parentis" to the victim. (*Id.*).

On January 26, 2010, petitioner's counsel filed a motion to dismiss the sexual battery charges. (*Id.*, Ex. 4). In the memorandum submitted in support of the motion, counsel argued that no "in loco relationship" existed between petitioner and the victim because petitioner did not assume a parental role, nor did the victim rely on petitioner for support, when the victim was a

guest at his home for the purpose of visiting his son. (*See id.*).

Soon thereafter, on February 22, 2010, the Lawrence County grand jury returned a second indictment in Case No. 10-CR-38 charging petitioner with three counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5). (*Id.*, p. 4 & Ex. 2). The new charged offenses, which occurred "on or about June 29, 2009" against the same victim, arose from the "same factual circumstances as the previous indictment." (*See id.*). However, unlike the first indictment, the second indictment alleged that petitioner's "in loco parentis" status was obtained "by virtue of the fact that [the victim] was a minor staying in the home of said Defendant who had been given authority over the said minor by her grandmother custodian, the said Defendant providing support, care and supervision of said minor." (*See id.*).

Petitioner's counsel, who represented petitioner in both criminal cases, filed a motion to dismiss the indictment in Case No. 10-CR-38 based on the same arguments previously asserted in support of the motion to dismiss filed in Case No. 09-CR-180. (*See id.*, Ex. 3). In the memorandum in support of the motion to dismiss, counsel summarized the defense position regarding the new sexual battery charges as follows:

> As the Court is aware, this is a second indictment on the same charges and stemming from the same fact pattern. The State determined to seek a new indictment on the Sexual Battery allegations after the Defendant challenged the sufficiency of the Sexual Battery counts in the original indictment. The State's new indictment adds a one sentence rationale for a finding of *in loco parentis*. [T]he defendant contends that this second effort is also insufficient, that a finding of *in loco parentis* can not be made, and that the Indictment must be dismissed.

(*Id.*, p. 1).

On March 5, 2010, the State filed a motion for the court "to enter a nolle prosequi" of the sexual battery counts in Case No. 09-CR-180 given that petitioner had been charged in Case No. 10-CR-38 with the same offenses. (*Id.*, Ex. 5). That same date, the trial court entered a

2

Judgment Entry ruling, as requested by the State "and for good cause shown," that the sexual battery charges in Case No. 09-CR-180 "are hereby nollied without prejudice." (*Id.*, Ex. 6). On March 10, 2010, the trial court also granted the State's request to consolidate the two criminal cases for trial purposes. (*Id.*, Exs. 7-8).

On March 12, 2010, the trial court denied petitioner's motion to dismiss the sexual battery counts. (*See id.*, Ex. 9; Ex. 15, p. 3). In ruling on the motion, the court made findings of fact, which are presumed correct under 28 U.S.C. § 2254(e)(1),[1] and reasoned in pertinent part as follows:

> The fact pattern in this case was that the victim . . . had come from out of town to visit her boyfriend who was either the son or stepson of the Defendant. . . . At some point in time during the visit, the boyfriend left for a previously planned trip to the beach and [the victim] was left in the home with the Defendant, whereupon two events of sexual conduct occurred and [the victim] was a minor throughout that period in time.
>
> The indictment alleges those facts, together with the statement, "That the said [victim] was a minor, staying in the home of said Defendant, who had been given authority over the said minor by her grandmother custodian, the said Defendant providing support, care and supervision of the said minor."
>
> . . . .This Court finds that the State's indictment makes a sufficient allegation of facts and elements against the Defendant, including the domina[nt] parental role, from the allegation that authority over this minor child had been given to the Defendant by her grandmother custodian while she stayed at the Defendant's home; and further, that the issue of support is met by the allegation that the Defendant was providing support, care and supervision of the said minor while upon extended stay in the Defendant's home.

(*Id.*, Ex. 9).

On September 15, 2010, petitioner entered a plea of no contest to one of the sexual

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

3

battery counts in exchange for the dismissal of the two remaining sexual battery counts and the three rape counts charged in Case No. 09-CR-180. (*See id.*, Exs. 10, 11). At the plea hearing held the same date, the trial court granted the State's motion for entry of a "nolle prosequi" to the two remaining sexual battery counts and the three rape counts in Case No. 09-CR-180. (*See id.*, Ex. 11). The court also accepted petitioner's no contest plea and found him guilty of one of the sexual battery offenses after conducting an inquiry of petitioner and his counsel regarding the plea, as well as an inquiry of counsel for both parties "regarding the factual situation involved" and their "recommendations." (*Id.*). In the final judgment entry filed on September 20, 2010, the court determined that petitioner was a "Sexually Oriented Offender" and sentenced him to a five-year term of imprisonment. (*Id.*).

## State Appeal Proceedings

With the assistance of his trial counsel, petitioner filed a timely notice of appeal to the Ohio Court of Appeals, Fourth Appellate District. (*Id.*, Ex. 12). In the brief filed by counsel on petitioner's behalf, petitioner claimed as the sole assignment of error that the trial court erred in denying his motion to dismiss the three sexual battery counts charged in Case No. 10-CR-38 because his "interactions with the alleged victim did not rise to the level of an *in loco parentis* relationship." (*Id.*, Ex. 13). On March 30, 2011, the Ohio Court of Appeals issued a Decision and Judgment Entry overruling the assignment of error and affirming the trial court's judgment. (*Id.*, Ex. 15).

Petitioner's counsel pursued a timely appeal on petitioner's behalf to the Ohio Supreme Court based on the same claim of error that had been raised on direct appeal. (*See id.*, Exs. 16-17). On July 8, 2011, the Ohio Supreme Court declined jurisdiction to hear the case. (*Id.*, Ex. 19).

## Federal Habeas Corpus

Petitioner commenced the instant federal habeas action in October 2011. He alleges two grounds for relief:

**Ground One:** Conflict between Courts/Jurisdictions.

**Supporting Facts:** The Fourth District Appellate Court arbitrarily ruled against the Eighth District Appellate Court. It created a conflict of jurisdiction between two appellate courts. This denies the petitioner his basic rights of Due Process (Fifth Amendment - U.S. Constitution) and Equal Protection under the Law (Fourteenth Amendment - U.S. Constitution).

**Ground Two:** Failure to define "in loco parentis."

**Supporting Facts:** Disagreement among District Appellate Courts, i.e. - the Fourth District has found a <u>very minimal</u> relationship to be <u>sufficient</u> whereas the Eighth District has found a <u>far more pervasive</u> to be <u>insufficient</u>. Depriving petitioner of his rights of Due Process (Fifth Amendment - U.S. Constitution) and of Equal Protection under law (Fourteenth Amendment - U.S. Constitution).

(Doc. 3, pp. 6, 8).[2] Petitioner essentially claims that he is entitled to habeas relief based on the two grounds that he has asserted in the petition "[b]ecause the count to which he has pled no contest is insufficient to show 'in loco parentis' relationship," an essential element of the sexual battery offense. (*See id.*, p. 12).

In the return of writ filed in response to the petition, respondent contends that to the extent that plaintiff's claims raise issues of state-law, his grounds for relief are not cognizable in this federal habeas proceeding. (*See* Doc. 8, pp. 8-11). Respondent also argues that petitioner waived any claim challenging the sufficiency of evidence supporting the *in loco parentis* element of the sexual battery offense when he entered his no contest plea. (*Id.*, p. 11). Finally,

---

[2] It is noted that although petitioner alleges that the Court of Appeals' decision in the instant case conflicted with a decision by a court in Ohio's Eighth Appellate District, the conflicting state-court decision that he has cited in support of his claims for relief was actually issued by a court in Ohio's Third Appellate District. (*See* Doc. 3, "Memorandum In Support," pp. 1, 6-7) (citing *State v. Stout*, No. 8-07-12, 2008 WL 170034 (Ohio Ct. App. 3 Dist. Jan. 22, 2008)).

5

respondent contends that to the extent petitioner alleges as a federal constitutional matter that the indictment in Case No. 10-CR-38 was insufficient to inform him of the sexual battery charges lodged against him, his claim lacks merit. (*Id.*, pp. 12-13).

## II. OPINION

### A. Petitioner Is Not Entitled To Relief To The Extent He Claims That The Ohio Court Of Appeals Misapplied State Law And Created A Conflict Among The State Appellate Courts By Ruling That The Indictment's Allegations Were Sufficient To Charge *In Loco Parentis*

In Grounds One and Two of the petition, petitioner claims that he was denied due process and equal protection because the Ohio Court of Appeals found the *in loco parentis* allegations contained in Case No. 10-CR-38's indictment were sufficient under Ohio law to charge a sexual battery offense whereas another intermediate appellate court in Ohio reached the opposite conclusion in an even more compelling case. (*See* Doc. 3, pp. 6, 8). As support for that claim, petitioner relies on a decision by the Ohio Court of Appeals, Third Appellate District, in *State v. Stout*, No. 8-07-12, 2008 WL 170034 (Ohio Ct. App. Jan. 22, 2008). (*See id.*, "Memorandum In Support," pp. 1, 6-7).

In both the instant case and *Stout*, the state appellate courts were presented with and addressed an issue of state-law–*i.e.*, whether the trial court properly ruled on the defendant's pre-trial motion to dismiss sexual battery charges based on the "special *in loco parentis* pleading requirements" enunciated by the Ohio Supreme Court in *State v. Noggle,* 615 N.E.2d 1040 (Ohio 1993). (*See id.*, Ex. 15, pp. 6-9; *Stout, supra*, 2008 WL 170034, at *3-6). Specifically, in *Noggle*, the Ohio Supreme Court held that "[t]he phrase 'person in loco parentis' in R.C. 2907.03(A)(5) applies to a person who has assumed a dominant parental role and is relied upon by the child for support," and "was not designed for teachers, coaches, scout leaders, or any other persons who might temporarily have some disciplinary control over a child." *Noggle*, 615

N.E.2d at 1042.[3] Noting that the "[t]he phrase 'person in loco parentis' is a general phrase demanding specificity," the court also held that indictments "based upon the alleged offender's status as a person in loco parentis should at least state the very basic facts upon which that status is based." *Id.*

In *Stout*, the Third Appellate District court held that the trial court did not err in granting a motion to dismiss an indictment, which charged that the offender's *in loco parentis* status was based on his "ongoing relationship" with the victim "as she confided to him her problems and family issues;" the fact that the victim's parents entrusted defendant with the victim's "care and protection as he was listed on the High School emergency contact list, above other family members, as a person who could travel to [the victim's] school to sign her out;" the fact that the victim "was permitted by her parents and the school to go home with the Defendant," and that while in his company, was "routinely entrusted" to his "care and protection, given her significant medical needs;" and the fact that the victim's parents regularly relied on the defendant to help with the victim's "emotional, psychological, and physical healing process." *Stout, supra,* 2008 WL 170034, at *5-6. In so ruling, the *Stout* court acknowledged in accordance with a Tenth Appellate District court decision, which the majority found was "not inconsistent" with *Noggle* and could be considered together with *Noggle* as establishing "a consistent and functional framework for evaluating allegations of in loco parentis," that (1) "provision for the material needs of the child" is not required to satisfy the *Noggle* pleading standard; and (2) "temporary

---

[3] As the Ohio Court of Appeals noted in the instant case (Doc. 8, Ex. 15, p. 7 n.2), after the Ohio Supreme Court issued its decision in *Noggle,* the Ohio legislature amended Ohio Rev. Code § 2907.03 to extend sexual battery "offender" status to those who are teachers, coaches, scout leaders, and persons "with temporary or occasional disciplinary control" over the minor victim. *See* Ohio Rev. Code § 2907.03(A)(7)-(9).

7

custody or residence" as a visitor in the defendant's home does not preclude a finding of *in loco parentis*. *See id.* at *4-5 (discussing *State v. Funk,* No. 05AP-230, 2006 WL 1102803 (Ohio Ct. App. Apr. 27, 2006), *appeal dismissed*, 854 N.E.2d 1091 (Ohio 2006)). The court held, however, that the indictment's allegations were insufficient "to meet the basic elements of in loco parentis as set forth in the *Noggle* and *Funk* decisions" in the absence of any allegation "that Stout assumed the dominant parental role and that he was relied upon by the child for support." *Id.* at *6.

In the instant case, the Ohio Court of Appeals upheld the trial court's decision to deny the petitioner's motion to dismiss. The court concluded that the indictment satisfied the *Noggle* pleading standard because it expressly charged that petitioner "was a person in loco parentis to the minor victim by virtue of the fact that the minor was staying in his home, that [he] had been given authority over the minor victim by her grandmother custodian, and that [he] was providing support, care and supervision of the minor victim." (Doc. 8, Ex. 15, p. 8). The court reasoned: "These basic facts support an inference that Appellant assumed a dominant role over the child and that the child relied upon the defendant for support." (*Id.*, p. 9). In ruling that the trial court "correctly denied" the motion to dismiss, the Ohio Court Appeals refused to consider additional facts relayed by petitioner in his appellate brief regarding his relationship with the victim. (*Id.*). The court stated that petitioner's account "went beyond the facts that were before the [trial] court at the time it ruled on [the] motion to dismiss" and, thus, was "more properly suited to a challenge to the sufficiency of evidence, rather than to the sufficiency of the allegations of the indictment." (*Id.*).

As an initial matter, as respondent has argued in the return of writ, this Court lacks jurisdiction to consider petitioner's claims to the extent he contends that the Ohio Court of

8

Appeals' decision in this case is incorrect under *Noggle* and conflicts with other state court interpretations and applications of *Noggle*. This Court has jurisdiction to review the state prisoner's habeas petition only on the ground that his challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran*, _ U.S. _, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Here, the Ohio Supreme Court's *Noggle* decision, as well as the Third Appellate District's decision in *Stout*, concerned a pleading issue governed by Ohio law. Therefore, to the extent petitioner seeks relief on the ground that the state appellate court in the instant case misapplied *Noggle* or failed to issue a decision that was consistent with *Stout*, he raises issues of state-law only that are not subject to review in this federal habeas proceeding. *Cf. Watley v. Warden Bobby*, No. 1:09cv306, 2010 WL 3257662, at *2 (S.D. Ohio July 6, 2010) (Merz, M.J.) (Report & Recommendation) ("whether the Indictment is defective under Ohio law is irrelevant in a federal habeas corpus case"), *supplemented by* 2010 WL 3257650 (S.D. Ohio July 15, 2010) (Merz, M.J.), *adopted*, 2010 WL 3257647 (S.D. Ohio Aug. 17, 2010) (Beckwith, J.); *see also Dobert v. Davis*, No. 06-14031, 2008 WL 5481185, at *2-3 (E.D. Mich. Dec. 31, 2008) (holding that the habeas petitioner's contention that a state parole board's decision to deny parole "conflict[ed] with [a state] statute and interpretative case law" did not give rise to a cognizable claim for relief to the extent that the petitioner alleged that the parole board misapplied state law).

Plaintiff has not cited, nor could the undersigned find, any cases even remotely suggesting that the lack of uniformity in decisions by courts within a state on state-law issues gives rise to a claim of federal constitutional dimension. Indeed, to the contrary, the Supreme Court has stated

that "the Constitution of the United States does not guarantee that the decision of state courts shall be free from error, . . .; *or require that pronouncements shall be consistent.*" *Worcester Cnty. Trust Co. v. Riley,* 302 U.S. 292, 299 (1937) (emphasis added); *see also Gray v. Pagano,* 287 F. App'x 155, 158 (3rd Cir. 2008) (same). Therefore, the undersigned is persuaded that to the extent petitioner contends that he is entitled to relief simply because the Ohio Court of Appeals' decision in the instant case conflicted with another intermediate state appellate court's decision, he has not stated a cognizable claim subject to review in this federal habeas proceeding. *Cf. United States ex rel. Howard v. Uchtman,* No. 04 C 2185, 2005 WL 1498851, at *5 (N.D. Ill. May 19, 2005) (rejecting the petitioner's claim that he was denied due process by a state appellate court order that "was in conflict with prior decisions" of that court because, in the absence of any factual allegations suggesting a violation of federal law, the mere allegation that two appellate court decisions "were in conflict" did not give rise to a cognizable claim for federal habeas relief).

In any event, even assuming, solely for the sake of argument, that petitioner had stated a cognizable claim stemming from the alleged conflict between the two state appellate courts, the undersigned finds the Third Appellate District's *Stout* decision to be factually distinguishable from and not at all conflicting with the Ohio Court of Appeals' decision in the case-at-hand. Both courts applied the *Noggle* standard. Moreover, the *Stout* court expressly held that *in loco parentis* status could be found in cases such as this, where the defendant had only temporary custody of the victim as a guest in his home and likely did not provide any financial support to the victim. The two courts reached different outcomes because, in contrast to the instant case, the *Stout* indictment did not allege facts from which an inference could be drawn that the defendant had dominant parental authority over the victim or that the victim herself actually

10

relied on the defendant for support. Because the two cases are factually distinguishable and do not involve the application of conflicting legal standards, petitioner is unable to prevail on any claim that the different outcome reached in this case deprived him of his due process or equal protection rights.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas corpus relief to the extent he claims in Grounds One and Two of the petition that he was denied due process and equal protection when, in violation of state law and in conflict with another state intermediate appellate court, the Ohio Court of Appeals affirmed the denial of his motion to dismiss the sexual battery charges in Case No. 10-CR-38.

## B. Petitioner Is Not Entitled To Relief To The Extent He Challenges The Sufficiency Of The Indictment In Case No. 10-CR-38 On Federal Constitutional Grounds

In the petition, petitioner appears to raise an over-arching claim challenging the sufficiency of the indictment pertaining to the *in loco parentis* element of the sexual battery counts in Case No. 10-CR-38 on federal constitutional grounds. (*See* Doc. 3, p. 12).

As respondent has pointed out in the return of writ (Doc. 8, p. 12), it is well-settled that there is no federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537-38 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . . It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."). *Cf. Watson v. Jago,* 558 F.2d 330, 337 (6th Cir. 1977); *Fears v. Miller*, No. 1:09cv698, 2009 WL 6315341, at *9 (N.D. Ohio Dec. 1, 2009) (Report & Recommendation), *adopted,* 2010 WL 1258096 (N.D. Ohio Mar. 30, 2010); *Harsh v. Warden, Chillicothe Corr. Inst.*, No. 1:08cv433,

11

2009 WL 3378246, at *1, *20 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.). As long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz,* 731 F.2d at 369; *Watson,* 558 F.2d at 338; *see also Williams v. Haviland,* 467 F.3d 527, 535 (6th Cir. 2006).

Petitioner has not alleged, nor does the record demonstrate, that the indictment in Case No. 10-CR-38 failed to provide him with sufficient notice of the essential elements of the sexual battery charges, including the *in loco parentis* element of the offenses, for the purpose of preparing an adequate defense. Indeed, as respondent has argued in the return of writ (Doc. 8, p. 13), it appears clear from the record that the indictment contained sufficient factual allegations to apprise petitioner of the charges he faced, as well as of the "very basic facts" required by state law upon which his alleged "offender" status as a person *in loco parentis* was based. *See Noggle,* 615 N.E.2d at 1042.

Accordingly, in the absence of any allegations or evidence in the record even remotely suggesting that petitioner lacked fair notice of the sexual battery charges brought against him, his claim generally challenging the sufficiency of the indictment fails to give rise to a cognizable federal constitutional claim subject to review in this federal habeas proceeding.

### C. Petitioner Waived Any Claim Challenging The Sufficiency Of Evidence When He Knowingly And Voluntarily Pleaded No Contest To The Sexual Battery Charge

In the memorandum submitted in support of his habeas corpus petition, petitioner contends the evidence alleged by the State is insufficient to establish petitioner's *in loco parentis* status because the 17-year-old victim was his adult step-son's "girlfriend" and "was present in [his] home only as a guest of his adult step-son." (Doc. 3, "Memorandum In Support," p. 2).

Petitioner also appears to challenge the victim's claim that she was sexually assaulted by him "over a period of several hours, once while [his] two pre-teen sons were in the same room watching television, but oblivious to the supposed ongoing assault." (*Id.*). Plaintiff's claims challenging the sufficiency of the *evidence,* as opposed to the sufficiency of the indictment, are not subject to review in this proceeding.

A guilty or no-contest plea involves a waiver of many substantial constitutional rights, including the right to a trial by jury where the State has the burden of proving the defendant's guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *Fautenberry v. Mitchell,* 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama,* 395 U.S. 238, 243 (1969)). There is "no constitutional requirement that the State prove the guilt of a defendant who pleads no contest." *Post v. Bradshaw,* 621 F.3d 406, 427 (6th Cir. 2010), *cert. denied,* 131 S.Ct. 2902 (2011). By forfeiting one's right to a jury trial, as well as the rights to confront adverse witnesses and to present evidence in one's defense, a criminal defendant waives any objection to the sufficiency of the evidence. *See id.* at 426-27; *see also Render v. Warden, S. Ohio Corr. Facility,* No. 1:10cv629, 2012 WL 3627766, at *4 (S.D. Ohio Aug. 22, 2012) (Spiegel, J.); *cf. United States v. Whitelaw,* 376 F. App'x 584, 592 (6th Cir.), *cert. denied,* 131 S.Ct. 349 (2010).

Here, the Ohio Court of Appeals reasonably determined in affirming the trial court's judgment that claims challenging the sufficiency of evidence are unrelated to and have no bearing on the question whether the indictment's allegations are sufficient to charge a criminal offense. (*See* Doc. 8, Ex. 15, pp. 9, 10). As discussed above, petitioner has not demonstrated he is entitled to federal habeas relief to the extent he challenges the sufficiency of the indictment either on state or federal constitutional grounds. Petitioner has never claimed that his no contest

13

plea was entered unknowingly, unintelligently, or involuntarily. Therefore, his plea forecloses relief to the extent he also seeks to challenge the sufficiency of the evidence in the instant action.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue in this case because petitioner's claims for relief, which have been adjudicated on the merits herein, do not rise to the level of a "viable claim of the denial of a constitutional right" and are not "adequate to deserve encouragement to proceed further." See *Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, **DENY** petitioner leave to appeal *in forma pauperis* upon any showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/30/12
cbc

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

THOMAS B. BUTLER,  
    Petitioner

Case No. 1:11-cv-734

vs

Barrett, J.  
Litkovitz, M.J.

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
    Respondent

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Thomas B. Butler A637-343
   Chillicothe Corr. Inst.
   PO Box 5500
   Chillicothe, OH 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☑ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)
   7002 3150 0000 8389 9234

   102595-02-M-1540

   Domestic Return Receipt